# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NILO JEREZ,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | |
| ) | |
| THE REPUBLIC OF CUBA, FIDEL CASTRO ) | Case No. 1:09-mc-466-RWR-AK |
| RUZ, Individually and as President of the State ) | |
| and Council of Ministers, Head of the  ) | **DECLARATION** |
| Communist Party and Commander-in-Chief of  ) | **OF DANIEL S. REICH, ESQ.** |
| the Military, RAUL CASTRO RUZ,  ) | **IN SUPPORT OF REPLY** |
| Individually and as First Vice President of the ) | **FOR MOTION TO VACATE WRIT** |
| Head of the Cuban Revolutionary Armed  ) | **OF ATTACHMENT ON JUDGMENT** |
| Forces, THE CUBAN REVOLUTIONARY  ) | **WITH PREJUDICE** |
| ARMED FORCES, and EL MINISTERIO DEL ) | |
| INTERIOR,  ) | |
| ) | |
| Defendants.  ) | |
| ) | |

Brendon M. Tavelli
(DC Bar No. 492990)
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., NW
Suite 400 South
Washington, DC 20004
Tel.: 202.416.6800
Fax: 202.416.6899
btavelli@proskauer.com

Michael Krinsky
(PHV)
David B. Goldstein
(D.D.C. Bar # NY0034)
Rabinowitz, Boudin, Standard,
   Krinsky & Lieberman, P.C.
111 Broadway, Eleventh Floor
New York, NY 10006
Tel.: 212.254.1111
Fax: 212.674.4614
mkrinsky@rbskl.com
dgoldstein@rbskl.com

*Counsel for Third-Parties*

DANIEL S. REICH, an attorney duly admitted to the practice of law in the State of New York, declares under penalty of perjury that the following is true and correct:

1.    I am an associate in the firm of Rabinowitz, Boudin, Standard, Krinsky & Lieberman, P.C., co-counsel for Third Party Movants.

2.    Annexed as exhibits hereto are true and correct copies of the following documents:

Ex. A: Writ of Attachment on Judgment issued to AT&T Corp. in *Bayer & Willis, Inc. v Republic of Gambia*, United States District Court, District for the District of Columbia, Civil Action No. 1-02-00176-EGS, and Writs of Attachment on Judgment in *Ned Chartering and Trading, Inc. v. Republic of Pakistan*, United States District Court, District for the District of Columbia, Civil Action No. 98-2626(RCL).

Ex. B: Final Judgment in *McCarthy v. Republic of Cuba*, Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 01-28628 CA04.

Ex. C: Amended Final Judgment in *Weininger v. Fidel Castro*, Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 03-22920 CA20.

Ex. D: Final Default Judgment in *McCarthy v. Republic of Cuba*, dated Feb. 2, 2005, United States District Court, Southern District of Florida, Miami Division, Case No. 04-21153-CIV-KING.

Ex. E: Final Default Judgment in *Anderson v. AT&T Corp*, dated Jan. 26, 2009, United States District Court, Southern District of New York, Case No. 07 Civ. 7974 (VM).

Ex. F: Order and Judgment in *Weininger v. Castro*, dated Dec. 13, 2005, United States District Court, Southern District of New York, Case No. 05 Civ. 7214 (VM).

Ex. G: Plaintiff's Trial Memorandum, in *Jerez v. Republic of Cuba et al.*,

Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 05-18719 CA9.

Ex. H: Docket Sheet and Record in *Jerez v. Republic of Cuba et al.*, United States District Court, Southern District of Florida, Miami Division, Case No. 1:08-CV-23405-WMH ("Jerez S.D. Fl. Record").

Ex. I: Statement Interest of the United States in *Weinstein v. Islamic Republic of Iran*, United States District Court, Eastern District of New York, Case No. Misc. 02-237.

Ex. J: DHL International Shipment Waybills for tracking numbers 8621403512 and 8261403630. I obtained these Waybills from DHL in the United States in an email dated January 21, 2010, which was sent in response to my phone inquiries to DHL for information about the packages with the above-referenced tracking numbers.

Ex. K: Docket entry 3 in *Jerez v. Republic of Cuba et al.*, United States District Court, Eastern District of Virginia, Case No. 1:09-mc-00038-GBL-IDD.

Ex. L: Transcript for Jan. 8, 2010 Hearing in *Jerez v. Republic of Cuba*, United States District Court, Eastern District of Virginia, Case No. 1:09-mc-00038-GBL-IDD.

Ex. M: Docket Sheet and Record in *Jerez v. Republic of Cuba et al.*, Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 05-18719 CA9 (hereinafter "Jerez State Court Record"). Due to its large size, this exhibit has been divided into nine parts.

Ex. N: Trial Transcript in *United States v. Mederos*, United States District Court , Southern District Of Florida, Miami Division, Case No. 01-818-CR-GOLD (hereinafter "Mederos Transcripts" or "Tr.");

Ex. O: *McCarthy v. Republic of Cuba*, 800 N.Y.S. 2d 906 (N.Y. Sup. Ct.

Aug. 24, 2005)

3.      Upon my review of the entire Jerez State Court Record (Ex. M hereto), I
state that there is no reference in that record to plaintiff being injected with Hepatitis C virus
anywhere in the entirety of that record, which includes *inter alia* plaintiff's Complaint dated
September 15, 2005 ("Complaint"), Plaintiff's Trial Memorandum dated January 29, 2007
("Plaintiff's Trial Memorandum"), the Statement of Nilo Jerez dated January 29, 2007
("Statement of Nilo Jerez"), the Neuropsychological Evaluation by Dr. Jorge Herrera [not dated]
("Herrera Evaluation"), and the state court's Final Judgment dated January 30, 2007 ("Final
Judgment").

4.      Without limitation, I further state, based on my review of the Jerez State
Court Record, as follows:

(a)      The Complaint includes references to "forced drug injections"
(Complaint ¶¶ 29, 35) and "drug injections" (Complaint ¶ 52), but there is no reference to
injections of Hepatitis C virus anywhere in the Complaint.

(b)      Plaintiff's Trial Memorandum alleges that he was subjected to
"forced psychotropic drug injections" (at 5), but there is no reference to injections of Hepatitis C
virus anywhere in Plaintiff's Trial Memorandum.

(c)      The Final Judgment states that "during the course of the [Mederos]
trial, the jury heard the testimony of witnesses, including Jerez, whom Mederos tortured at
Mazorra, all of whom detailed their torture including forced drug injections and the
administration of electric shocks[]" (at 6), but there is no reference to injections of Hepatitis C
virus anywhere in the Final Judgment.

(d)      The Complaint alleges that "[a]s a result of the physical and mental

torture NILO JEREZ suffered at the hands of the Castro regime, Jerez has been left with numerous long term injuries and illnesses, including Hepatitis C, and was rendered sterile[]" (Complaint ¶ 31), and that "[a]s a direct and proximate cause of the physical and psychological torture inflected [sic] on him, Jerez continues to suffer substantial damages, including, but not limited to, severe emotional distress, mental anguish, intense fear and anxiety, disease, life threatening illness, the loss of bodily functions and sterility[]" (Complaint ¶ 55). However, there is nothing in the Complaint alleging that plaintiff's purported contraction of Hepatitis C virus resulted from injections of Hepatitis C virus.

(e)     Plaintiff's Trial Memorandum includes Hepatitis C among a list of "long term psychiatric and physical injuries" suffered by Jerez as result of "physical and mental torture" (at 5-6), but there is nothing in Plaintiff's Trial Memorandum alleging that plaintiff's purported contraction of Hepatitis C virus resulted from injections of Hepatitis C virus.

(f)     In the Statement of Nilo Jerez, plaintiff states: "As a result of the torture and abuse I endured during my fifteen years of incarceration, I suffer from a number of medical ailments, including…Hepatitis C which has progressed to cirrhosis of the liver and in all probability will result in a diminished lifespan…." (at 8-9). There is nothing in the Statement of Nilo Jerez alleging that plaintiff's purported contraction of Hepatitis C virus resulted from injections of Hepatitis C virus.

(g)     The Herrera Evaluation contains the following references to Hepatitis C: "[Nilo Jerez] has been diagnosed with hepatitis C and is being treated with interferon[]" (at 2); "Hepatitis C and Diabetes Mellitus have also been diagnosed by history[]" (at 10); "The care for this patient's diabetes and hepatitis C will require considerable amounts of money, estimated conservatively at no less than $300,000,00 in his life time, taking into account

the costs of hospitalizations, medical care, medications and diagnostic procedures[]" (at 12). There is nothing in the Herrera Evaluation indicating that plaintiff's purported contraction of Hepatitis C virus resulted from injections of Hepatitis C virus.

(h)     The Final Judgment mentions Hepatitis C among a list of "long term psychiatric and physical injuries" suffered by plaintiff as result of "physical and mental torture" (at 4).  There is nothing in the Final Judgment stating that plaintiff's purported contraction of Hepatitis C virus resulted from injections of Hepatitis C virus.

5.     In light of the fact that the state court took judicial notice of the criminal proceedings in *United States v. Mederos*, 01-818-CR-GOLD (S.D. Fl.), *see* Final Judgment at 5, I obtained and reviewed the entirety of the transcripts of the criminal trial against Eriberto Mederos.  The only references to injections in the transcripts are in testimony discussing muscle relaxant injections (Mederos Tr. 7/17/02, 156:13-18 (testimony of Rigoberto Rodriguez)), and forced insulin injections (Mederos Tr. 7/24/02, 105:5-106:11, 150:10-153:20 (testimony of Belkis Ferro)).  In addition, defense counsel for Mr. Mederos makes reference to injections when discussing the testimony of Belkis Ferro in his closing argument (Mederos Tr. 7/30/02, 69:1-7). There is no reference to Hepatitis C virus in the Mederos Transcripts.

6.     I have reviewed the entire Jerez S.D. Fl. Record, and there is not a single mention of injections of Hepatitis C virus therein.

Executed on this 26th day of January, 2010.

_____
DANIEL S. REICH, ESQ.

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing Declaration Of Daniel S. Reich, Esq. In Support Of Reply For Motion To Vacate Writ Of Attachment On Judgment With Prejudice is being served upon all counsel of record who have consented to electronic service via the Court's CM/ECF system; is being served by DHL/World Wide Express upon the Republic of Cuba, Fidel Castro Ruz, Raul Castro Ruz, the Cuban Revolutionary Armed Forces and El Ministerio del Interior at the addresses listed on the Service List; and is being served by United States first-class mail on the remaining persons or entities listed below on this 26th day of January, 2010.

_____/s/_____
Brendon M. Tavelli
(DC Bar No. 492990)
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., NW
Suite 400 South
Washington, DC 20004
Tel.: 202.416.6800
Fax: 202.416.6899
btavelli@proskauer.com

## SERVICE LIST

Assistant Attorney General for Finance and Litigation
United States Department of Commerce
*Attention*:
M. Timothy Conner
Chief, General Litigation Division
Office of the Assistant General Counsel
for Finance and Litigation
U.S. Department of Commerce
1401 Constitution Ave., N.W., Rm. 5890
Washington, DC 20230
TConner1@doc.gov

Republic of Cuba
c/o Bruno Rodríguez Parilla
Ministerio de Relaciones Exteriores
Calzada #360
Vedado, La Habana, Cuba

Fidel Castro Ruz
Comite Central del Partido Comunista
Plaza de la Revolucion
Havana, Cuba

Raul Castro Ruz
Consejo de Ministros
Plaza de la Revolucion
Havana, Cuba

Raul Castro Ruz
Consejo del Estado
Plaza de la Revolucion
Havana, Cuba

The Cuban Revolutionary Armed Forces
Plaza de la Revolucion
Havana, Cuba

El Ministerio del Interior
Plaza de la Revolucion
Havana, Cuba