UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NILO JEREZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE REPUBLIC OF CUBA, FIDEL ) | |
| CASTRO RUZ, RAUL CASTRO RUZ, ) | 09-MC-00466 (RWR/AK) |
| THE CUBAN REVOLUTIONARY ) | |
| ARMED FORCES, and EL MINISTERIO ) | |
| DEL INTERIOR ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM ORDER

Pending before this Court are the following motions: [Third-Party Movants'] Motion to Vacate Writ of Attachment [10]; Plaintiff's Motion to Strike Reply to Opposition to Motion [to Vacate] or for Leave to File Sur-Reply [38]; Plaintiff's Motion for Hearing on Pending Motions [39]; Plaintiff's Motion for Order to Show Cause as to Why Writ of Attachment Should Not be Issued Against Agencies and Instrumentalities of the Republic of Cuba and its Co-Defendants [48]; and Camara de Comercio's Motion to Vacate Plaintiff's Writ of Attachment [61].

The Writ of Attachment on Judgment ("Writ") entered by the Clerk of the Court on June 4, 2010 [58] corresponds to the judgment that was registered in this Court by Plaintiff Jerez, which named as Defendants The Republic of Cuba, Fidel Castro Ruz, Raul Castro Ruz, the Cuban Revolutionary Armed Forces and El Ministerio Del Interior. The property intended to be attached by Plaintiff is the trademark registered in the United States for the National Warranty

Seal on Cuban cigars, which is assigned to the Republic of Cuba.[1]  Plaintiff Jerez has moved for an Order to Show Cause why a Writ of Attachment should not also be issued against certain Cuban entities, which are the assignees of various patents and trademarks recorded in the United States, on grounds that such entities are alleged agencies and instrumentalities of the Republic of Cuba and its Co-Defendants.  *See* [48].  Many of those alleged agencies and instrumentalities moved to vacate the [prior] Writ of Attachment, which was quashed by this Court on procedural grounds. (*See* October 2, 2009 Minute Entry and Memorandum Order [43].)  For purposes of judicial efficiency and economy, this Court will consider the Movants' Motion to Vacate [10] in the context of enforcement of the existing Writ of Attachment, particularly because many of the same issues addressed therein have also been briefed in Jerez's Motion for an Order to Show Cause and in Camara de Comercio's Motion to Vacate Plaintiff's Writ.[2]  A hearing will be held on all three motions.

On June 25, 2010, this Court convened a telephonic status conference to address whether the Third-Party Movants in this case may, for purposes of this litigation, be characterized as agencies and/or instrumentalities pursuant to the definition set forth in the Foreign Sovereign Immunities Act, 28 U.S.C. §1603(b).  During the status conference, counsel for the Movants acknowledged that, for purposes of this litigation, seventeen of the Movants have conceded their

---

[1] The Court convened a status conference on May 6, 2010, to ascertain the nature of the asset(s) Plaintiff intended to attach because Plaintiff's proposed Writ of Attachment did not specify what personal property, goods or chattels were being attached.

[2] Camara de Comercio, the Cuban equivalent to a "Chamber of Commerce" moved to intervene in this matter on grounds that it was responsible for protection of the seal on Cuban cigars.  This Court granted Camara's motion to intervene on June 18, 2010. (*See* Memorandum Order [59].)

status as agencies and/or instrumentalities and five have contested that status.[3]   In order to expedite proceedings in this matter, this Court has deferred consideration of the agency/instrumentality status for the five contested entities, until the lawfulness of the Writ of Attachment is established.  Accordingly, it is this 30th day of June, 2010,

ORDERED that there shall be a  hearing on the Movants' Motion to Vacate the Writ of Attachment [10]; the Plaintiff's Motion for an Order to Show Cause [48]; and Camara's Motion to Vacate the Writ of Attachment [61], on July 19, 2010, at 10:30 a.m., in Courtroom 7.  It is further

ORDERED that the Plaintiff's Motion for a Hearing on Pending Motions [39] is granted in part and moot in part, in light of the July 19, 2010 hearing and this Court's ruling on Camara's motion to intervene.  It is further

ORDERED that Plaintiff's Motion to Strike the Reply to the Opposition to the Motion to Vacate or for Leave to File a Sur-Reply [38] is denied on grounds that Plaintiff has had ample opportunity to assert its arguments in the context of both its Motion for an Order to Show Cause and its oppositions to both Motions to Vacate and furthermore, there will be an oral hearing on

---

[3]The seventeen entities are: Centro de Ingeniera Genetica y Biotecnologia; Centro de Inmunologia Molecular; Centro Nacional de Inventigaciones Cientificas; Centro de Bioactivos Quimicos; Centro de Histoterapia Placentaria; Centro Nacional De Biopreparados; Instituto de Medicina Tropical; Instituto Finlay; Universidad de la Habana; Empresa Exportadora y Importadora de Productos Medicos (MEDICUBA); Empresa Cubana Del Tabaco (Cubatabaco); Empresa Cubana Exportadore Del Caribe dba Caribex; Empresa de Grabaciones y Ediciones Musicales (EGREM); Laboratorios Biologicos Farmaceuticos dba Labiofam; Corporacion Cimex, S.A.; Centro de Investigacion, Produccion De Vacunas Y Sueros; and Centro de Neuociencias de Cuba.  The five entities are: Corporacion Habanos, S.A.; Laboratorios Dalmer, S.A.; Corporacion Cuba Ron, S.A.; Havana Rum & Liquors, S.A.; and Artex, S.A. dba Artex.

all three motions, and thus, there is no prejudice to Plaintiff in denying a Sur-Reply.

                                                                            _____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE